IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-236-F

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AMERILINK, LTD., | ) | **ORDER** |
| | ) | |
| Debtor. | ) | |

This matter is before the court on John Barth Sr.'s Motion to Assess Costs and Attorney's Fees [DE-22]. The court has held a hearing on the matter and has reviewed the parties' briefs. The motion is ripe for ruling. For the reasons stated herein, the motion is ALLOWED.

## FACTUAL AND PROCEDURAL BACKGROUND

Spoor, previously an AmeriLink corporate officer, had possession of computer servers belonging to AmeriLink. After Spoor and others filed suit in state court against John Barth, Sr., Barth requested copies of the digital files on the servers. Spoor refused, asserting that AmeriLink's attorney-client privilege protected the documents. Barth then requested that the bankruptcy trustee waive AmeriLink's attorney-client privilege, which would force Spoor to hand over the requested documents in the state court proceedings. At this point, Spoor, through his attorney, Mr. Barry Nakell, objected to the waiver.

Because of Spoor's objection to the privilege waiver, the trustee asked that Barth ask the bankruptcy court for approval to waive the privilege. In its order of March 3, 2014, the bankruptcy court affirmed the trustee's broad authority to waive the attorney-client privilege and directed the trustee to execute the waiver. *See* U.S. Bankruptcy Court – Order Granting Motion to Authorize Trustee to Waive Debtor and Debtor in Possession's Attorney-Client Privilege [DE-1-1]. Instead of accepting that decision, based on the well-established law of *CFTC v. Weintraub*,

471 U.S. 343 (1985), Nakell repeatedly appealed or moved for reconsideration of that decision. He did so before the bankruptcy court, before this court, and before the Fourth Circuit Court of Appeals. To date, Nakell has made the following motions or appeals of that original order affirming the trustee's power to waive the attorney-client privilege:

On March 13, 2014, Nakell filed a Motion to Amend Order. The bankruptcy court denied the motion.

On April 15, 2014, Nakell made a Motion for Leave to Appeal and a simultaneous Notice of Appeal [DE-1] to this court. This court denied the Motion for Leave to Appeal. *See* Order of May 21, 2014 [DE-6].

On May 27, 2014, Nakell filed a Motion for Reconsideration [DE-8]. This court denied the motion. *See* Order of June 5, 2014 [DE-14].

On June 19, 2014, Nakell filed a Notice of Appeal [DE-15] as to the previous two orders, appealing them to the Fourth Circuit. On August 21, 2014, the Fourth Circuit dismissed for lack of jurisdiction. *See* Order of the United States Court of Appeals [DE-18].

On August 22, 2014, Nakell filed a Motion for Hearing for Court to Consider Notice of Appeal [DE-20]. This court denied the motion. *See* Order of December 5, 2014 [DE-30].

Even after a hearing on the present motion, Nakell continued to argue the same points he had argued before the bankruptcy court. *See* Supplement to Memorandum in Opposition to Motion to Assess Costs and Attorneys' Fees [DE-37]. The court will not revisit Nakell's arguments here, as those arguments have all been considered and overruled, multiple times, by the bankruptcy court, this court, and, in part, the Fourth Circuit.

2

## DISCUSSION

Under Title 28, United States Code section 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 requires that the moving party show (1) that the offending attorney engaged in unreasonable and vexatious conduct, (2) that the unreasonable and vexatious conduct multiplied the proceedings, and (3) that a financial nexus existed between the multiplied proceedings and the sanction amount. *Sanford v. Virginia*, 689 F. Supp. 2d 802, 806 (E.D. Va. 2010). The sanction must not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* (citing 28 U.S.C. § 1927).

Section 1927 "aims only at attorneys who *multiply* proceedings." *EEOC v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012) (emphasis in original) (quoting *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999)). Additionally, the statute "does not distinguish between winners and losers" and is "indifferent to the equities of a dispute and to the values advanced by the substantive law." *Id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980)). This indifference requires a finding of bad faith on the part of the attorney who has multiplied proceedings. *Id.* (holding that bad faith is a "precondition to imposing fees under § 1927").

Courts may find bad faith where an attorney "engages in reckless behavior that demonstrates a conscious disregard for a foreseeable risk that proceedings will be unreasonably and vexatiously multiplied." *Aggarwal v. Sikka*, No. 1:12CV60 (TSE/TRJ), 2013 WL 5962996, at *6 (E.D. Va. Nov. 7, 2013) (internal quotation marks omitted) (quoting *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 911 F. Supp. 2d 340, 344 (E.D. Va. 2012), *vacated* 13-1054, 14-1266 (4th Cir. June 12, 2014)). Here, Nakell, with an improper motive, engaged in

3

reckless behavior that not only disregarded a risk that proceedings would be multiplied, but did in fact vexatiously multiply proceedings.

### a. Nakell's behavior showed bad faith.

This began when Barth requested that the bankruptcy trustee waive the attorney-client privilege. The matter could have ended there, but Nakell objected to Barth's request. Nakell's objection prompted the trustee to seek a legal "safety blanket"—the trustee requested that Barth ask the bankruptcy court for "authorization" to waive the privilege. In its order, the bankruptcy court did not "authorize" the waiver as no such authorization was required under *Weintraub*. Instead, the bankruptcy court *affirmed* the trustee's power. *See* U.S. Bankruptcy Court – Order [DE-1-1] at 6 ("Under *Weintraub*, the Court need not authorize the Trustee to waive the attorney-client privilege . . . . Rather, in light of Spoor and the Newton Objectors' objection to the Trustee's consent to the waiver, the Court is *merely affirming the Trustee's broad authority*."). The bankruptcy court then directed the trustee to execute the waiver the trustee had intended to issue before Nakell's objection.

If the matter could have ended when Barth requested that the trustee waive the privilege, it certainly should have ended after the bankruptcy court's order. Instead, Nakell began to strain at gnats. He contested the "directive" in the bankruptcy court's order as an "authorization," even though the bankruptcy court had explicitly disavowed any such authorization. He then asked the bankruptcy court to reconsider that "authorization." However, even after the bankruptcy court denied his motion to reconsider, Nakell continued to make that argument before this court and the Fourth Circuit. Indeed, he was still arguing the point even after this court denied his sixth bite at the apple and held a hearing on the present motion. *See* Supp. Mem. Opp'n Mot. Assess Costs

& Att'y Fees [DE-37]. While Mr. Nakell may not take no for an answer, he will have to pay for his obstinance.

More worrisome than mere obstinance is Nakell's apparent motives in opposing the trustee's privilege waiver. In his memorandum opposing sanctions, Nakell states that "[t]he creditors of the estate opposed the requested broad waiver because . . . the requested broad waiver . . . would present a prohibitively expensive obstacle to their prosecution of their claims against [Barth]." Memorandum in Opposition to Motion to Assess Costs and Attorneys' Fees [DE-33] at 20. He later continues: "It would not only be burdensome and prohibitively expensive for the Objecting Parties to do any more, but there is no reason to believe that it would be productive." *Id.* at 22. Nakell's argument is that he and his clients did not have the resources to review all of the documents. *See id.* at 22-23. This is *not* a proper basis for opposing the privilege waiver. Indeed, it manifests an improper motive and evidences Nakell's bad faith, especially when combined with his continuous motions in opposition to the will of the trustee, the bankruptcy court, this court, and, in part, the Fourth Circuit. Sanctions are proper under section 1927.

### b. Nakell will be sanctioned for multiplying litigation following the bankruptcy court's order affirming the trustee's power to waive the attorney-client privilege.

The court wishes to impose a sanction that is sufficient to reprimand Nakell for his conduct and to deter similar behavior, but without being overly punitive. In doing so, the court must find a financial nexus between the multiplied proceedings and the sanction amount. *Sanford*, 689 F. Supp. 2d at 806. Nakell's motions and appeals should have ceased, at the latest, after the bankruptcy court's order affirming the trustee's authority to waive AmeriLink's attorney-client privilege. After that point, Nakell was needlessly multiplying litigation and the court will sanction him for his actions after that order.

5

The court has reviewed the submissions from Barth's counsel regarding the costs and attorneys' fees in this matter. The submissions contain two measures of costs and fees. The first measure is the total attorneys' fees accumulated by Barth's counsel from when Nakell first objected to Barth's request that the trustee waive privilege. The relevant fees list only the amounts relating to Nakell's subsequent motions and appeals of the bankruptcy court's order affirming the trustee's power to waive the attorney-client privilege. The second measure is how much Barth was actually charged during the same time period and for the same actions. The court finds that the amount that Barth was charged—for the time period following the bankruptcy court's order—is sufficient to reprimand Nakell for vexatiously multiplying litigation and to deter similar behavior, but without being overly punitive. That amount is $31,384.65. Nakell, and Nakell alone, is ORDERED to pay that amount to movant John Barth, Sr.

## CONCLUSION

The Motion to Assess Costs and Attorneys' Fees [DE-22] is ALLOWED. Barry Nakell is ORDERED to pay movant John Barth, Sr., $31,384.65 in attorneys' fees.

SO ORDERED.

This, the _10_ day of July, 2015.

James C. Fox
JAMES C. FOX
Senior United States District Judge

6